PER CURIAM.
Appellant challenges the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court summarily denied several grounds in the motion and conducted an evidentiary hearing on several other grounds. We affirm the trial court’s order on all grounds except grounds four and eight.
In ground four, Appellant alleged that his trial attorney misadvised him about the consequence of testifying at trial when she told him that, if he testified, he would lose the strategic advantage of having the first and last closing argument. At the time of Appellant’s trial, he would have been entitled to first and last closing argument, unless he presented evidence other than his testimony. Appellant alleges that he decided to waive his right to testify based on this affirmative misadvice. In ground eight, Appellant alleged that his trial attorney opened the door to the admission of otherwise inadmissible hearsay evidence related to the reason the police were present at the crime scene. If true, this allegation is cognizable in a rule 3.850 motion. Mungin v. State, 932 So.2d 986, 997 (Fla.2006).
The attachments to the order do not refute the allegations set forth in grounds four and eight. Therefore, it was error to summarily deny them. On remand, the trial court shall either grant the relief, attach record evidence that refutes Appellant’s specific allegations or conduct an evidentiary hearing to address those points. In all other respects, the trial court’s order is affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
TORPY, C.J., GRIFFIN and LAWSON, JJ., concur.